# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Allergy Partners, P.A., <br><br> Plaintiff, <br><br> v. <br><br> Mark Cox and Larry Zimmerman d/b/a Allergy Partners, Unknown Entities 1-10 And John Does 1-10, <br><br> Defendants. | Civil Action No. 6:16-cv-00089-HMH |

## DEFENDANTS' LOCAL CIVIL RULE 26.03 DISCLOSURES

Defendants Larry Zimmerman and Mark Cox (collectively "Defendants") submit these disclosures pursuant to Local Civil Rule 26.03.

1. **A short statement of the facts of the case.**

Plaintiff, Allergy Partners, P.A. asserts it has acquired common law trademark rights associated with the mark ALLERGY PARTNERS. Plaintiff alleges that Defendants have committed acts of infringement by using the ALLERGY PARTNERS trademark in commerce.

Defendants deny all allegations of trademark infringement and seek cancellation of any marks gaining registration through Trademark Application Serial Nos. 86732850 and 86732845 due to Plaintiff's false representation of exclusive use of the alleged trademarks asserted by Plaintiff in this litigation and on the grounds that the any alleged trademark asserted by Plaintiff in this litigation is merely descriptive. Therefore, any such mark is not a protectable trademark at common law or otherwise.

2. **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

1

Larry Zimmermen

Larry Zimmerman may have knowledge of and may testify regarding use of any alleged trademark asserted by Plaintiff in this litigation. Larry Zimmerman may have knowledge of and may testify as to the customers, employees and business operations of Universal Allergy Services, LLC, including the nature of services provided, the channels of trade utilized for said services, advertising and financial information. Larry Zimmerman may be contacted through undersigned counsel.

Mark Cox

Mark Cox may have knowledge of and may testify regarding use of any alleged trademark asserted by Plaintiff in this litigation. Mark Cox may have knowledge of and may testify as to the customers, employees and business operations of Universal Allergy Services, LLC, including the nature of services provided, the channels of trade utilized for said services, advertising, websites and financial information. Mark Cox may be contacted through undersigned counsel.

Defendants may also testify regarding non-infringement and invalidity of any alleged trademark asserted by Plaintiff in this litigation. Defendants also anticipate that certain unknown representatives of Plaintiff may testify regarding the alleged trademarks asserted by Plaintiff in this litigation and efforts by Plaintiff to register said marks through Trademark Application Serial Nos. 86732850 and 86732845.

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Defendants have not identified any expert witnesses for the purposes of testifying at trial.

Expert witness testimony may be necessary with regard to non-infringement, invalidity, actual or likelihood of confusion and commercial impression related to any alleged trademark asserted by Plaintiff in this litigation.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Defendants are unaware of the statutory and/or cases citations alleged to support the claims asserted in Plaintiff's Complaint other than those referenced therein. Said claims are alleged to arise under or relate to 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(d), S.C. Code Ann. § 39-5-10, et seq., common law trademark, service mark and trade name infringement and unjust enrichment.

Defendants deny the allegations of Plaintiff's Complaint and asserted affirmative defenses, which include and relate to Rule 12(b)(2), Rule 12(b)(4), Rule 12(b)(5), Rule 12(b)(6), unclean hands, 15 U.S.C. § 1052(e)(1), 15 U.S.C. § 1052(f) and 15 U.S.C. § 1051.

5. **Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02: (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (b) Completion of discovery.**

As noted in the Joint Rule 26(f) Report, the parties accept the dates set forth in the May 23, 2016 Scheduling Order.

6. **The parties shall inform the Court whether there are any special circumstances that would affect the time frames applied in preparing the scheduling order.**

Defendants are not aware of any special circumstances that would affect the time frames applied in preparing the scheduling order.

7. **The parties shall provide any additional information requested in the Pre-**

**Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

Pursuant to the Scheduling Order, the undersigned will separately file and serve a statement regarding mediation. At this time, the parties do not consent to a trial before a United States Magistrate Judge.

          Respectfully submitted,

          _s/Jason A. Pittman_____
          Steven R. LeBlanc (Fed. Id. 7000)
          Jason A. Pittman (Fed. Id. 10270)
          Dority & Manning, P.A.
          P.O. Box 1449
          Greenville, S.C. 29602-1449
          Tel: 864-271-1592
          Fax: 864-233-7342
          srl@dority-manning.com
          jpittman@dority-manning.com

          *Attorneys for Mark Cox and Larry Zimmerman*

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2016, I electronically filed DEFENDANTS' LOCAL CIVIL RULE 26.03 DISCLOSURES to be served on all counsel of record by means of the Court's Notice of Electronic Filing.

Respectfully submitted,

 s/Jason A. Pittman
Steven R. LeBlanc (Fed. Id. 7000)
Jason A. Pittman (Fed. Id. 10270)
Dority & Manning, P.A.
P.O. Box 1449
Greenville, S.C. 29602-1449
Tel: 864-271-1592
Fax: 864-233-7342
srl@dority-manning.com
jpittman@dority-manning.com

*Attorneys for Mark Cox and Larry Zimmerman*