IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Allergy Partners, P.A.,                       )<br><br>                    Plaintiff,   )<br><br>           v.                   )<br><br>Mark Cox and Larry Zimmerman d/b/a   )<br>Allergy Partners, Unknown Entities 1-10   )<br>and John Does 1-10,                   )<br><br>              Defendants.   ) | Civil Action No.  6:16-cv-00089-HMH |

## PLAINTIFF'S LOCAL CIVIL RULE 26.03 DISCLOSURES

Plaintiff Allergy Partners, P.A. ("Allergy Partners") hereby submits the following disclosures pursuant to Local Civil Rule 26.03:

1)      A short statement of the facts of the case.

**RESPONSE:** Allergy Partners is a professional association formed in 1994 and has grown to be the nation's largest single-specialty practice in Allergy, Asthma and Immunology, with a network of 54 practices with over 126 office locations within 22 states.  Allergy Partners hires doctors to work under a common network of physicians to provide quality patient care and treatment for immunology, asthma and allergic diseases and has substantially exclusively and continuously used the ALLERGY PARTNERS mark in print, online media and throughout other marketing efforts.  Allergy Partners has acquired distinctiveness and substantial goodwill in the marketplace, and the general public has come to recognize the ALLERGY PARTNERS mark as a source identifier for Allergy Partners and its high-quality and cost-effective care.  Allergy

Partners relies heavily upon its good name reputation in getting referrals from primary care physicians and to recruit energetic, compassionate and talented physicians.

Defendants Larry Zimmerman and Mark Cox together formed and operate an identical business using the name Allergy Partners (GA) and their practice claims to provide primary care physician practices with independent in-house services to treat allergies, provide testing and custom immunotherapy. Their partnership intentionally uses the name "Allergy Partners" to cause confusion, mistake and deception among consumers in the marketplace that there is a relationship between Allergy Partners and Allergy Partners (GA). In addition an unknown defendant John Doe registered the domain name <yourallergypartner.com> on or about March 26, 2015 which has been linked to the Defendants' infringing ALLERGY PARTNERS designation on its website.

These actions by Defendants have resulted illegal activities therefore Plaintiff has alleged in its Complaint the following allegations: trademark infringement, Federal Unfair Competition and False Designation of Origin (15 U.S.C. §1125(a)), violation of Anticybersquatting Consumer Protection Act (15 U.S.C. §1125(d)), violation of the South Carolina Unfair Trade Practices Act (S.C. Code Ann. §39-5-10, *et seq.*), Trademark, Service Mark and Trade name Infringement, Unfair Competition and Misappropriation (common law), unjust enrichment, and equitable accounting.

2)     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:** At this time, Allergy Partners expects the following individuals to be called as witnesses:

a.     Mark Cox
b.     Larry Zimmerman

     c.      William Tillman
     d.      Ron Pearson
     e.      Frank Magliochetti
     f.      Paula Gadomski
     g.      Holly Ruma
     h.      Robyn Bazemore
     i.      Additional John Does

The above witnesses are believed to be involved with Defendants' illegal activities as described above, and are expected to testify regarding the dealings of Allergy Partners (GA), Defendants Cox and Zimmerman.

     j.      Larry Armor
              COO, Allergy Partners

     k.      Ed McKee
              CFO, Allergy Partners

Mr. Armor and Mr. McKee are officers of Allergy Partners and are expected to testify regarding Allergy Partners' corporate history, business dealings, established us of the ALLERGY PARTNERS mark in print, online media and throughout other marketing efforts, and the actual and potential harm to Allergy Partners via Defendants' illegal conduct.

3)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE:** Plaintiff has not identified an expert witness at this time. If such testimony becomes necessary, disclosures will be made in accordance with the Court's Scheduling Order.

4)     A summary of the claims or defenses with statutory and/or case citations supporting the same.

**RESPONSE:** Plaintiff's claims are based on the following authorities:

**<u>Statutes:</u>**

Federal Unfair Competition and False Designation of Origin, 15 U.S.C. §1125(a), (d);

Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d);

Trademark, Service mark and Trade name Infringement, Unfair Competition and Misappropriation (common law);

South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10, *et seq.*

**<u>Case Law:</u>**

*L.D. Kichler Co. v. Davoil, Inc*., 192 F.3d 1349, 1352 (Fed. Cir. 1999);

*Cottonwood Fin. Ltd. v. Cash Store Fin. Servs*., 778 F. Supp. 2d 726, 752 (N.D. Tex. 2011);

*Salu, Inc. v. Original Skin Store*, 2010 U.S. Dist. LEXIS 35638, 10-11 (E.D. Cal. Apr. 12, 2010);

*In re International Flavors & Fragrances, Inc.*, 183 F.3d 1361, 51 U.S.P.Q.2D (BNA) 1513, 1516 (Fed. Cir. 1999); and

*Yamaha Int'l Corp. v. Hoshino Gakki Co*., 840 F.2d 1572, 1583 (Fed Cir. 1988).

The above-cited authority is intended to be an illustrative but non-exhaustive list of legal principles applicable to this action.  As discovery progresses, it is possible that other legal principles may become relevant.

5)      Absent special instruction from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rules 16.02:

      (a)      Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

      (b)      Completion of discovery.

**RESPONSE:** The Court's May 23, 2016, Conference and Scheduling Order sets forth appropriate dates for both expert disclosures and completion of discovery.

6)      The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.  See generally Local Civil Rule 16.02(C) (Content of Scheduling Order).

**RESPONSE:** None exist at this time.

7) The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**RESPONSE:** None at this time.

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: /s/ William H. Foster
    William H. Foster
    Fed. Bar No. 6221
    E-Mail Address: bill.foster@nelsonmullins.com
    104 South Main Street, Ninth Floor
    Post Office Box 10084 (29603-0084)
    Greenville, South Carolina 29601
    Telephone: 864.250.2300

    John C. McElwaine
    Fed. Bar No. 6710
    E-Mail Address: john.mcelwaine@nelsonmullins.com
    Liberty Building, Suite 500
    151 Meeting Street
    Post Office Box 1806 (29402)
    Charleston, South Carolina 29401
    Telephone: 843.853.5200

    *Attorneys for Allergy Partners, P.A.*

Greenville, South Carolina
June 24, 2016